## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Charles Nathan Ellison,<br><br>Debtor(s). | C/A No. 19-05203-JW<br><br>Adv. Pro. No. 20-80001-JW<br><br>Chapter 13 |
| George Mathews,<br><br>Plaintiff(s),<br><br>v.<br><br>Charles Nathan Ellison,<br><br>Defendant(s). | **ORDER GRANTING DEFAULT JUDGMENT OF NONDISCHARGEABILITY OF DEBT** |

This matter comes before the Court on the Affidavit of Default and Non-Military Service filed by George Matthews ("Plaintiff") on March 18, 2020. Plaintiff seeks entry of default judgment against Charles Nathan Ellison ("Defendant") for the relief sought in his Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A), filed on January 6, 2020. Based upon Defendant's failure to timely file an Answer and Defendant's filing of correspondence indicating that he had elected not to defend the Complaint, Plaintiff submitted an Affidavit of Default and proposed order granting default judgment. Following a review of the Complaint, the proposed order, and the docket in this adversary proceeding and underlying bankruptcy case, the Court issues this order to address the following issues raised under the circumstances of this case: (1) Does the Court have continuing subject matter jurisdiction and authority to rule on a pending dischargeability adversary proceeding after the underlying bankruptcy case is dismissed?; (2) Does the Court have final authority to issue a money

judgment in a non-dischargeability case?; (3) Does a judgment of non-dischargeability in a bankruptcy case apply to subsequent bankruptcy cases?; and (4) Can the Court properly award attorney's fees to the Plaintiff in this dischargeability action?

## PROCEDURAL BACKGROUND

1. On October 3, 2019, Defendant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, C/A No. 19-05203.

2. On December 12, 2019, Plaintiff filed Proof of Claim #37 in the amount of $2060, described as "Personal Loan of Money," and Proof of Claim #38 in the amount of $15,453.96, described as "Contractual Obligations on Advanced Commission Chargebacks."

3. On January 6, 2020, Plaintiff commenced this adversary proceeding by filing the Complaint. In the Complaint, Plaintiff alleged detailed facts that support a finding that the debts owed to him by Defendant were obtained by false pretenses and fraudulent representations. Therefore, according to the prayer for relief, he seeks an Order declaring "[t]hat the entirety of Plaintiff's claims filed as POCs #37 and #38 in the Claims Register (and as may be amended from time to time) are excepted from discharge in the Defendant's bankruptcy case" pursuant to 11 U.S.C. § 523(a)(2)(A), awarding "a judgment against Defendant for all costs incurred by Plaintiff in bringing this Adversary Proceeding, to include the Three-Hundred and Fifty Dollar ($350) court filing fee and all other costs as permitted by applicable law; and providing "such other and further relief as this Court deems just and proper."

4. The Complaint was served on Defendant on January 7, 2020.

5. On February 3, 2020, Defendant, through his attorney, filed correspondence advising of his decision not to responsively plead or defend the Complaint and acknowledging

that that his failure to respond would result in Plaintiff's claims being declared non-dischargeable in his underlying bankruptcy case, Case No. 19-05203.

6. On March 18, 2020, Plaintiff submitted the Affidavit of Default and proposed order granting default judgment against Defendant in the amount of $17,513.96 (the combined amount of Plaintiff's Claims #37 and #38) and attorney's fees and costs in the amount of $1,300. The proposed order further provided that the nondischargeability of the debt shall survive any order of discharge in Defendant's pending bankruptcy case or any subsequent bankruptcy case filed by Defendant. Plaintiff also attached an Affidavit of Attorney's Fees and Costs, which stated that Plaintiff has incurred $950 in attorney's fees and $350 in costs in connection with this matter. The Chapter 13 Trustee, while apparently communicating concerns about the effects of a money judgment on property of the estate to Plaintiff's counsel, filed no response or objection regarding the relief requested in the proposed order granting default judgment.

7. On April 1, 2020, the underlying bankruptcy case of Defendant was dismissed for non-compliance with the Chapter 13 Plan before the Court considered the proposed order.

**CONCLUSIONS OF LAW**

*I.    Does the Court have continuing subject matter jurisdiction and authority to rule on a pending dischargeability adversary proceeding after the underlying bankruptcy case is dismissed?*

The Court will first address whether it has subject matter jurisdiction to enter a default judgment order in this proceeding in light of the dismissal of the underlying bankruptcy case. Subject matter jurisdiction can be raised by any party or the Court, *sua sponte*, at any time prior to final judgment. *In re Kirkland*, 600 F.3d 310, 315 (4th Cir. 2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). Subject matter

3

jurisdiction in the bankruptcy court is governed by 28 U.S.C. § 1334, which provides that the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11, and 28 U.S.C. § 157(a), which provides that the district courts, as has been done in this District, may refer bankruptcy cases to bankruptcy judges in the district.  The Complaint and record of this case demonstrate that this Court had subject matter jurisdiction when the adversary proceeding was commenced. Section 157(b)(1) of Title 28 provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11."  The Complaint seeks a determination regarding the dischargeability of a debt owed by Debtor, which is expressly listed as a core proceeding under 28 U.S.C. § 157(b)(2)(I).  A proceeding to except a debt from the debtor's discharge and liquidate any previously unliquidated debt falls within this Court's subject matter jurisdiction as a proceeding "arising in" a case under title 11.  *In re Dambowsky,* 526 B.R. 590, 601-602 (Bankr. M.D.N.C. 2015). This Court has previously held that the dismissal of the underlying bankruptcy case does not divest it of jurisdiction or otherwise prohibit it from considering a pending core proceeding. *Davis v. Blair (In re Blair),* C/A No. 17-06271, Adv. Pro. No. 18-80038, slip op. at 9 (Bankr. D.S.C. Oct. 3, 2018) (citing *Menk v. Lapaglia (In re Menk),* 241 B.R. 896, 904 (9th Cir. B.A.P. 1999)). "Within the context of 28 U.S.C. § 1334, the Fourth Circuit has found that subject matter jurisdiction cannot be divested by subsequent events." *In re T2 Green, LLC,* 364 B.R. 592, 602 (Bankr. D.S.C. 2007) (citing *Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.),* 124 F.3d 619, 625-26 (4th Cir. 1997)); *see also Porges v. Gruntal & Co. (In re Porges),* 44 F.3d 159, 162 (2d Cir. 1995) (dismissal of bankruptcy case does not automatically strip the bankruptcy court of jurisdiction over adversary proceedings).  Based

4

on this precedent, the Court finds that the dismissal of the underlying bankruptcy case did not, as a matter of law, divest it of jurisdiction over the pending adversary proceeding.

The Court further finds that it has the discretion to continue to retain jurisdiction over this adversary proceeding despite the dismissal of the underlying bankruptcy case. *See Porges,* 44 F.3d at 162-63 (stating that the decision to retain jurisdiction of an adversary proceeding upon dismissal of the underlying bankruptcy case should be left to the sound discretion of the bankruptcy court or district court where the adversary proceeding is pending); *In re T2 Green, LLC,* 364 B.R. at 603 (exercising discretion to retain jurisdiction over adversary despite resolution of bankruptcy case). In *T2 Green, LLC,* this Court considered the following factors to determine whether to retain jurisdiction after resolution of the matter upon which jurisdiction was originally based: (1) judicial economy; (2) convenience to the parties; (3) fairness; and (4) comity. 364 B.R. at 603. Applying these factors, the Court finds that retention of jurisdiction is appropriate. The only remaining matter in this adversary proceeding is the entry of the default judgment because Defendant has elected not to contest the allegations in Plaintiff's Complaint and has not objected to the entry of final judgment. Thus, retention of jurisdiction serves the interests of judicial economy. Further, there is no indication that the convenience of the parties would be better served by relinquishing jurisdiction, as this matter can be quickly resolved in the bankruptcy court at no further cost or effort by the parties. Since Plaintiff has incurred costs of filing this adversary proceeding and Defendant affirmatively elected not to dispute Plaintiff's claims, it appears fair for the court to retain jurisdiction. Finally, comity with the state court system does not appear to be implicated since there was no pending state court action prior to the bankruptcy case.

## II. *Does the Court have final authority to issue a money judgment in a non-dischargeability case?*

Courts are divided on the issue of the bankruptcy court's authority to issue a money judgment in a non-dischargeability proceeding.[1] The weight of the authority within the Fourth Circuit holds that the bankruptcy court can enter final judgment determining both the existence and amount of the debt owed by the debtor and whether such debt is dischargeable. *See In re Owens,* 549 B.R. 337, 347 (Bankr. D.Md. 2016) (concluding that entry of a final judgment in the dischargeability proceeding would not offend the strictures expressed in *Stern v. Marshall,* 564 U.S. 462 (2011), but declining to enter judgment on other grounds); *In re Dambowsky,* 526 B.R. 590, 604 (Bankr. M.D.N.C. 2015) (finding that the bankruptcy court has subject matter jurisdiction to liquidate creditors' claims in the context of a dischargeability proceeding, establishment of the underlying claim does not constitute a distinct proceeding from the dischargeability determination, and the entire dischargeability proceeding "arises in" a case under title 11); *In re Croteau,* 246 B.R. 254, 259 n.2 (Bankr. E.D.Va. 2000) (holding that the bankruptcy court, when determining dischargeability, has jurisdiction to reduce a nondischargeable debt to a money judgment). The Court agrees with the approach taken by

---

[1] *Compare In re McLaren,* 3 F.3d 958 (6th Cir. 1993) (holding that bankruptcy court had authority to determine amount of debtor's liability in a nondischargeability proceeding); *In re Boricich,* 464 B.R. 335 (Bankr. N.D. Ill. 2011) (same); *In re Ungar,* 633 F.3d 675 (8th Cir. 2011) (same); *In re Galindo,* 467 B.R. 201 (Bankr. S.D.Cal. 2012), *aff'd,* 2013 WL 3389556 (B.A.P. 9th Cir. 2013) (same); *In re Riebesell,* 586 F.3d 782 (10th Cir. 2009); *In re Vermilio,* 457 B.R. 854 (Bankr. M.D.Fla. 2011) (same); *with Cambio v. Mattera (In re Cambio),* 353 B.R. 30, 32 (1st Cir. B.A.P. 2004) (adopting a limited jurisdiction approach and declining to enter money judgments); *In re Wen Jing Huang,* 509 B.R. 742 (Bankr. D. Mass. 2014) (concluding that it does not have subject matter jurisdiction to issue a money judgment but it can determine the amount of a debt and the debtor's liability in connection with a dischargeability proceeding); *In re Cotton,* 318 B.R. 583 (Bankr. W.D.Okla. 2004) (finding that bankruptcy courts do not have power to enter money judgments); *First Omni Bank, N.A. v. Thrall (In re Thrall),* 196 B.R. 959, 963–64 (Bankr.D.Colo.1996) (declining to enter a money judgment on nondischargeable debt but recognizing that the "standard operating procedure" of "most [bankruptcy] courts" is to enter a money judgment on a nondischargeable debt).

other bankruptcy courts within this Circuit and finds that it has final authority to issue a money judgment in non-dischargeability proceedings.

### III. Does the judgment of non-dischargeability in a bankruptcy case apply to subsequent bankruptcy cases?

In his proposed order granting default judgment, Plaintiff included a provision that stated that "[t]he indebtedness owed to Plaintiff in the sum of $17,513.96 (the combined amounts of Plaintiff's Proof of Claims #37 and #38 filed in Defendant's underlying chapter 13 case (Case No. 19-05203)) is hereby excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A) and shall survive any Order of Discharge in Debtor's currently pending underlying chapter 13 case *or any subsequent bankruptcy case filed by Defendant*." (emphasis added). The request to apply any nondischargeability to subsequent cases was not pled or expressly requested in the Complaint. However, it appears that a judgment of nondischargeability in a bankruptcy case generally has *res judicata* effect for subsequent bankruptcy cases. *See In re Smith,* 401 B.R. 733, 736 (Bankr. D. Md. 2008) ("Generally, the principle of *res judicata* will bar debtors from discharging debts held to be nondischargeable in a prior case."); *In re Voncannon,* No. 14-10511, Adv. No. 14-02021, 2016 WL 489844, *2 (M.D.N.C. Feb. 5, 2016) (same). "Section 523(b) provides for redetermination of a debt previously excepted from discharge only if it was found nondischargeable pursuant to § 523(a)(1), (a)(3), or (a)(8)." *Voncannon,* at *2. Plaintiff seeks a determination of nondischargeability under § 523(a)(2), thus *res judicata* would appear to apply to the judgment of nondischargeability rendered in this adversary proceeding. *Res judicata* may also be applicable in future cases even though a judgment, as in this proceeding, is by default. *Smith,* 401 B.R. at 737 (citing *Bankruptcy Recovery Network v. Garcia (In re Garcia),* 313 B.R. 307, 311-12 (9th Cir. B.A.P. 2004)); *Presidential Financial v. Raynard (In re Raynard),*

7

171 B.R. 699, 701 (Bankr. N.D.Ga. 1994)). However, the determination of whether *res judicata* applies would be made at the time of the subsequent proceeding. Therefore, the Court declines to include an express finding in this Order that the finding of the nondischargeability in this case would apply in any subsequent bankruptcy case filed by Defendant.

    *IV.*    ***Can the Court properly award Plaintiff attorney's fees in this dischargeability action?***

Plaintiff requests attorney's fees incurred as a result of filing this dischargeability proceeding. When considering an award of attorney's fees, the Court is initially guided by "the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 135 S. Ct. 2158, 2164, 192 L. Ed. 2d 208 (2015) (*quoting Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 252–253, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010) (internal quotation marks omitted)). While the Bankruptcy Code explicitly awards attorney's fees, costs and expenses to prevailing debtors under § 523(d), it does not expressly provide a statutory basis for awarding attorney's fees to a prevailing creditor in a § 523 action. *In re Combs,* 542 B.R. 780, 797 (Bankr. E.D.Va. 2016); *Thomas v. Causey (In re Causey),* 519 B.R. 144, 155-56 (Bankr. M.D.N.C. 2014).

Plaintiff's request for attorney's fees is presumably based upon a request to recover under a provision of the pre-petition contract between the parties. Courts have disagreed regarding whether a court may award attorney's fees for litigating a dischargeability action to a prevailing unsecured creditor based upon pre-petition contracts. *See Thomas v. Causey (In re Causey)*, 519 B.R. 144, 155 (recognizing split and citing *Official Comm. of Unsecured Creditors v. Dow Corning Corp. (In re Dow Corning Corp.),* 456 F.3d 668, 686 (6th Cir. 2006)

(allowing award of attorney's fees); *Renfrow v. Draper,* 232 F.3d 688, 696 (9th Cir. 2000) (disallowing attorney's fees).

In *Travelers Cas. And Sur. Co. of America v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 448 (2007), the Supreme Court considered whether federal bankruptcy law precludes an unsecured creditor from recovering attorney's fees authorized by a prepetition contract and incurred in post petition litigation regarding issues of bankruptcy law. The Supreme Court rejected a Ninth Circuit rule disallowing claims for attorney's fees incurred litigating issues peculiar to federal bankruptcy law. *Id.* (citing *In re Fobian,* 951 F.2d 1149, 1153 (9th Cir. 1991). In concluding that such a rule could not stand, the Supreme Court stated "that an otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." The Supreme Court observed that there is no Bankruptcy Code provision expressly disallowing claims for attorney's fees incurred by creditors in the litigation of bankruptcy issues. 549 U.S. at 453-54. The Fourth Circuit recently relied upon *Travelers* to similarly conclude that the absence of a Bankruptcy Code provision expressly disallowing an unsecured creditor's claim for post petition attorney's fees "is strong evidence that the Code does not expressly disallow those claims." *SummitBridge Nat'l Investments III, LLC v. Faison,* 915 F.3d 288, 295 (4th Cir. 2019). Therefore, this Court concludes that attorney's fees could be awarded as an element of damages pursuant to a provision of a contract on which a money judgment is based.

In this proceeding, Plaintiff attached a copy of a contract between the parties to its Complaint, which includes an attorney's fee provision relating to enforcement of the contract. However, Plaintiff did not assert as damages or request attorney's fees in the allegations of

the Complaint or in the prayer for relief. The Complaint sought only "a judgment against Defendant for all costs incurred by Plaintiff in bringing this Adversary Proceeding, to include the $350 court filing fee and all other costs as permitted by applicable law." Fed. R. Civ. P. 54(c), which is made applicable to this proceeding by Fed. R. Bankr. P. 7054(c), provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The Fourth Circuit has observed:

> When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages. *See, e.g., Compton v. Alton Steamship Co.,* 608 F.2d 96, 105 (4th Cir. 1979); *Producers Equip. Sales, Inc. v. Thomason,* 15 Kan.App.2d 393, 808 P.2d 881, 886 (Kan.Ct.App.1991). The rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount.

*In re Genesys Data Techs., Inc.,* 204 F.3d 124, 132 (4th Cir.2000).

To establish or liquidate damages under his Complaint, Plaintiff referred to the dollar amounts asserted in his two proofs of claim, neither of which referenced or asserted attorney's fees. Any claim for attorney's fees based on the contract provision would have to be pled as an element of damages thereunder.[2] The mere attachment of the contract did not provide Defendant with sufficient notice of or liquidate the claim for attorney's fees to be allowed as part of the default judgment. Furthermore, Plaintiff's proofs of claim filed in the underlying bankruptcy case do not indicate that Plaintiff is seeking attorney's fees or is make a continuing claim for attorney's fees with respect to those claims.[3] Therefore, Plaintiff's request for attorney's fees exceeds the scope of the Complaint and cannot be awarded. *See In re Combs,*

---

[2] *See* Fed. R. Civ. P. 54(d)(2); Fed. R. Bankr. P. 7054(b)(2)(A). The Advisory Committee Notes to the 1993 Amendment to Rule 54(d)(2) state "[t]his new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as "costs."… "it does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury…."

[3] Only Proof of Claim #38 has an attached contract with a provision allowing the recovery of attorney's fees. Proof of Claim #37 is based upon an undocumented personal loan from Plaintiff to Defendant.

10

543 B.R. 780, 806 (Bankr. E.D.Va. 2016) (denying plaintiff's request for attorney's fees based in part on lack of detail and specificity and meager references in the Complaint); *In re Causey,* 519 B.R. 144, 156 (Bankr. M.D.N.C. 2014) (denying plaintiff's request for an award of attorney's fees where the complaint contained a prayer solely for an award of the "costs" of the action).

## CONCLUSION

Based on the foregoing, the Court concludes it has subject matter jurisdiction as well as statutory and constitutional authority to enter a default judgment in favor of Plaintiff in the amount of $17,513.96 plus $350 in costs, based upon Defendant's failure to timely serve or file an Answer to the Complaint. The foregoing debt owed by Defendant is nondischargeable pursuant to 11 U.S.C. § 532(a)(2)(A).  Plaintiff's request for attorney's fees is denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/23/2020**



*John E Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 04/23/2020